# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

SHANE T. STOKES, SR.,

Plaintiff,

v.

DENISE M. KREIDLER, f/k/a
DENISE M. PULLANO, Individual &
Official Capacity,

Defendant.

5:18-CV-113
(TJM/ATB)

SHANE T. STOKES, Plaintiff, pro se

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court a civil rights complaint, together with an application to proceed in forma pauperis ("IFP"), filed by pro se plaintiff, Shane T. Stokes. (Dkt. Nos. 1, 2).

## I.    IFP Application

A review of plaintiff's IFP application shows that he declares he is unable to pay the filing fee. (Dkt. No. 2).  This court agrees, and finds that plaintiff is financially eligible for IFP status.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II.   Complaint

Plaintiff[1] states that he was "unjustly convicted" of Second Degree Harassment,

---

[1] Plaintiff refers to himself as "petitioner" throughout his complaint. However, he is bringing a section 1983 action for damages and is a "plaintiff." The court will refer to him with the appropriate title. The court also notes that plaintiff has provided the court with exhibits in support of the complaint. The court has read the exhibits together with the complaint in order to clarify any

2

after a bench trial before Auburn City Court Judge David B. Thurston, on October 27 and 30, 2016. (Complaint ("Compl." Statement of Facts ("SOF") ¶ 1) (Dkt. No. 1). Plaintiff states that he filed a notice of appeal on October 30, 2016.[2] (Compl. SOF ¶ 2). In conjunction with his appeal, plaintiff states that he ordered a transcript of the bench trial, which was provided to him on March 14, 2017, by the defendant court reporter. (Compl. SOF ¶ 3). Plaintiff states that, on April 20, 2017, he filed a "Settlement of Transcript," requesting a hearing to challenge, what he believed to be alterations in the transcript. (Compl. SOF ¶ 4).

Plaintiff claims that the transcripts were altered, "creating false physical evidence . . . with the intent [for] it to be used in an official proceeding by a State Official . . . in a way that prejudices this [plaintiff]." (*Id.*) Plaintiff claims that the defendant has violated plaintiff's Due Process rights under the 14th Amendment of the United States Constitution. (*Id.*) Plaintiff's hearing to settle the transcript was held on July 17, 2017. (Pl.'s Ex. B - Decision & Order of Hon. Thurston (City Court Judge)). At the hearing, the challenged portion of the transcript was played for "all parties and [the] Court."[3] (Compl. SOF ¶ 5). On July 19, 2017, Judge Thurston granted plaintiff's motion in part, and denied plaintiff's motion in part. (Pl.'s Ex. B). In his order, the judge amended the relevant portions of the transcript for which he was granting plaintiff's motion. (*Id.*)

---

ambiguities in the plaintiff's statement of facts.

[2] Plaintiff has provided a letter from the Chief Clerk of Cayuga County Supreme and County Courts which indicates that the appeal was actually filed October 31, 2016. (Pl.'s Ex. A) (Dkt. No. 1-1 at 2).

[3] The challenged portion of the transcript appears to be the specific language contained in a video of a witness's statement that was played in court at plaintiff's trial. (Pl.'s Ex. C at CM/ECF p.24).

3

Plaintiff states that the "Amendment" shows "the unquestionable documented proof of the existence of Intentional Tampering" with the transcripts in "clear violation of Substantive Due Process." (Compl. SOF ¶ 6).  It is unclear from the complaint itself, whether plaintiff claims that the fact that the judge amended the transcript shows that the defendant intentionally altered the transcript or whether plaintiff claims that the judge erred in failing to grant plaintiff's motion in its entirety.  However, the court notes that plaintiff's appeal of Judge Thurston's order states that "The 'ALLOWED['] amendments of the defendant-appellant [sic] to the transcripts, is the UNQUESTIONABLE DOCUMENTED PROOF, of the offence of tampering with physical evidence." (Pl.'s Ex. C at CM/ECF p.20).  In his appeal, plaintiff also claimed that the judge erred in allowing the amendment and failing to grant plaintiff's motion in its entirety made the court a participant in the "crime." (Pl.'s Ex. C at CM/ECF p.22).  Plaintiff's appeal to the County Court also states that his "unlawful – conviction, this type of OFFICIAL MISCONDUCT . . . requires reversal . . . ." (*Id.*)  On August 5, 2017, plaintiff also appears to have filed a complaint against Judge Thurston with the New York State Commission on Judicial Conduct. (*Id.* at CM/ECF p.32).

In his appeal of Judge Thurston's order plaintiff claims that these illegal actions require the reversal of his conviction, the prosecution of defendant Kreidler, and the prosecution of the witness who gave the statement for her "false statement." (Pl.'s Ex. C at CM/ECF p.27).  Plaintiff states that he filed an "addendum" to his appeal on September 13, 2017.[4] (Compl. SOF ¶ 10 & Ex. D).

---

[4] In his addendum, plaintiff mentions malicious prosecution, prosecutorial misconduct, and states that he will request evidence of the "chain-of-custody" of the transcript so that he may determine who "orchestrated" the conspiracy against him. (Pl.'s Ex. D at CM/ECF p.40).  Plaintiff also requested a "special prosecutor" to charge and prosecute all who "had any thing to do with this "EVIL-

Plaintiff is suing defendant court reporter Kreidler for violating 18 U.S.C.
§ 1506, and alleges that the intentionally altered transcript will "stop the reversal of the
unlawfull [sic] conviction and imprisonment of ths INNOCENT Man." (Compl. SOF
¶ 9).  Plaintiff also alleges that the State has not afforded him a "fair and adequate
hearing for the settlement of transcripts." (Compl. SOF ¶ 10).  Plaintiff does not allege
that he received a decision on his appeal from the County Court.

The complaint contains three causes of action: (1) Violation of substantive due
process; (2) Violation of procedural due process; and (3) Violation of "The 8th
Amendment" and denial of Equal Protection. (Compl. at CM/ECF p.9).  Plaintiff seeks
ten million dollars in damages, that defendant forfeit her "practicing licence," and that
she be prosecuted for felonious conduct. (*Id.*)

## II.    Challenge to State Court Conviction

### 1.    Legal Standards

 A civil lawsuit may not be used to collaterally attack a criminal conviction. *Heck
v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the Supreme Court held that a section
1983 action seeking damages is not cognizable if a decision in favor of the plaintiff
would necessarily invalidate a criminal conviction unless the conviction or sentence
had been reversed on direct appeal, expunged by executive order, declared invalid by a
state tribunal, or called into question by a federal habeas court. *Id.* at 486-87.

### 2.    Application

Although plaintiff in this case has brought a civil action for damages, and he
does not appear to challenge his conviction outright, he alleges that the defendant's

---

CONSPIRACY." (*Id.* at 41).

actions, in conjunction with the judge and the prosecutor, have caused the conviction of an innocent man.[5]  In his state court papers, he makes the same claim and requests that his conviction be overturned and the other parties prosecuted under a federal statute.  In order for this court to grant relief on plaintiff's claims, it would require finding that defendant had acted in violation of plaintiff's due process rights, which would necessarily affect his conviction.

A claim that deficiencies in the trial transcripts were so great that the plaintiff's constitutional rights on appeal were violated is "a direct challenge to the validity of the conviction and the legality of plaintiff's confinement." *Davison v. Reyes*, No. 11-CV-167, 2012 WL 948591, at *3 (E.D.N.Y. Mar. 20, 2012) (citing inter alia *Tedford v. Hepting*, 990 F.2d 745, 749 (3d Cir. 1993); *Nash v. Rabner*, No. 06-CV-5540, 2007 WL 776750, at *4-5 (D.N.J. March 12, 2007)).  The plaintiff in *Davison* was also suing the two court reporters who transcribed his trial.  The court in *Davison* dismissed the plaintiff's case based on *Heck v. Humphrey* after finding that the plaintiff's conviction had not been invalidated in any way, "and the essence of his complaints against all

---

[5] As stated above, plaintiff's claim is unclear.  At one point in the complaint, plaintiff states that the violation was complete "when the wrongful action is taken," and that "[t]he altered transcripts would have SUBSTANTIAL AND INJURIOUS effect or influence in the appellant [sic] review if this [plaintiff] didn't reveal the deliberate defalication [sic]." (Compl. SOF ¶ 7).  It appears that plaintiff may be claiming that the error in his transcripts was sufficient to establish a due process violation, even though the transcript was corrected.  However, if the transcript was corrected, plaintiff can no longer claim that his appeal would be affected, which is the harm that he appears to be asserting.  While this view of plaintiff's claim may survive a dismissal under *Heck* if plaintiff does not challenge his conviction, the claim would still be subject to dismissal.  New York's post-deprivation remedy for a court reporter's alleged alteration of the transcript has been held to be adequate to bar a plaintiff's section 1983 action, claiming that his procedural due process rights had been violated. *Curro v. Watson*, 884 F. Supp. 708, 716-17 (E.D.N.Y. 1995) (citations omitted).  Plaintiff in this case does not state how the state court procedure to settle the transcript was inadequate, considering that the judge allowed some of plaintiff's requested amendments to the transcript.  Plaintiff's claim that the judge was incorrect is not a basis for a claim of inadequacy of the process itself.  Although plaintiff labels this claim as "substantive due process," it is related to procedural due process.

defendants lies 'within the core of habeas corpus.'" *Id.* Mr. Davison's sole remedy for

a challenge to his conviction was under 28 U.S.C. § 2254, after exhausting his state

court remedies.[6] *Id.* & 28 U.S.C. § 2254.

In this case, plaintiff has not stated that his conviction has been reversed. In fact,

it is unclear whether his appeal to the County Court from Judge Thurston's order has

been decided. His "addendum" was dated and served September 13, 2017. (Pl.'s Ex.

D). Thus, plaintiff's claims against the court reporter are barred by *Heck* unless and

until plaintiff's conviction is reversed on appeal or called into question in a habeas

corpus proceeding.

The court must also point out that the section of federal law that plaintiff cites

reads as follows:

> Whoever feloniously steals, takes away, alters, falsifies, or
> otherwise avoids any record, writ, process, or other
> proceeding, in any court of the United States, ***whereby any
> judgment is reversed, made void, or does not take effect***; or
>
> Whoever acknowledges, or procures to be acknowledged in
> any such court, any recognizance, bail, or judgment, in the
> name of any other person not privy or consenting to the same–
>
> Shall be fined under this title or imprisoned not more than five
> years, or both.

18 U.S.C. § 1506 (emphasis added). First, and foremost, this statute was not intended

to be used in civil litigation or as the basis for a private right of action. *Lozano v.*

*Suffolk Superior Court*, No. 14-13123, 2015 WL 5684071, at *3 (D. Mass. Sept. 28,

2015) (citing *Shahin v. Darling*, 606 F. Supp. 2d 525, 538 (D. Del.) (citations omitted),

---

[6] Mr. Davison later filed a petition for habeas corpus which was considered on the merits and denied. *See Davison v. New York*, No. 12-CV-2362, 2015 WL 7571817 (E.D.N.Y. Nov. 24, 2015).

*aff'd*, 350 F. App'x 605 (3d Cir. 2009)).  The prosecution of a criminal action is the

province of the prosecutor. *Id.*  In any event, even if plaintiff could bring an action,

calling for the defendant's prosecution under this statute, by its own terms, the law is

not applicable unless the judgment of which plaintiff complains "is reversed, made

void, or does not take effect." 18 U.S.C. § 1506.  Because plaintiff has failed to state

that his conviction has been reversed, made void, or did not take effect due to the

defendant's actions, plaintiff has failed to assert a key element of the statute.

## IV.   Eleventh Amendment

### A.   Legal Standards

The Eleventh Amendment provides that states have immunity against suits in

federal court. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984).

An action against state officers in their official capacities, or an action against an

agency of the state, is tantamount to an action against the state.  *Yorktown Medical

Laboratory v. Perales*, 948 F.2d 84, 87 (2d Cir. 1991) (official capacity actions);

*Santiago v. New York State Dep't of Correctional Services*, 945 F.2d 25, 28 n.1 (2d Cir.

1991) (agencies of the state).

### B.   Application

Plaintiff names the defendant in her individual and official capacity.  The

Eleventh Amendment prevents a suit against this defendant in her official capacity.

Although there is an exception for plaintiffs seeking prospective injunctive relief, this

plaintiff is seeking only money damages, and the action must be dismissed with

prejudice as to the defendant in her "official capacity" regardless of whether he obtains

a reversal of his conviction.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion for leave to proceed IFP (Dkt. No. 2) is **GRANTED FOR PURPOSES OF FILING ONLY**, and it is

**RECOMMENDED**, that this action be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii), based upon Eleventh Amendment immunity as to any claims against the defendant in her Official Capacity, and it is

**RECOMMENDED**, that this action be **DISMISSED IN ITS ENTIRETY WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim pursuant to *Heck v. Humphrey, supra*, and it is

**RECOMMENDED**, that if the district court adopts this Order and Report-Recommendation, that the district court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal taken from the district court's order would not be taken in good faith.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: January 30, 2018

Hon. Andrew T. Baxter
U.S. Magistrate Judge